**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YASMIN M. HERNANDEZ LORENZO, individually and on behalf of all others similarly situated, | ) | Civil Action No. _______________ |
| Plaintiff, | ) | **COLLECTIVE ACTION COMPLAINT** |
| v. | ) | **JURY TRIAL DEMANDED** |
| MATPAP, INC. d/b/a FELLINI CAFÉ AT WEST CHESTER; A & A FOODS LLC | ) | |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Yasmin M. Hernández Lorenzo ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this Collective Action Complaint against Defendants Matpap, Inc. d/b/a Fellini Café at West Chester and A & A Foods LLC (collectively, "Defendants"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), to recover unpaid overtime wages owed to Plaintiff and other hourly kitchen workers at Fellini Café, a restaurant in West Chester, Pennsylvania.

2. Plaintiff and her co-workers regularly worked over 40 hours per week, often 47 to 52 hours and, sometimes as many as 60 to 64 hours.

3. Defendants never paid an overtime premium for those hours. Instead, Defendants paid only "straight time" (the regular hourly rate) for all hours over 40.

4. To carry out this practice, Defendants split each worker's pay. For workers paid by payroll check, the check reflected only 40 hours; Defendants then paid the remaining hours separately, in cash, at the regular rate. Other workers were paid entirely in cash, also at straight time.

5. Defendants' practice violates the FLSA's requirement that non-exempt employees be paid one and one-half times their regular rate for every hour worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

6. Plaintiff seeks, on behalf of herself and all similarly situated workers, unpaid overtime compensation, an equal amount as liquidated damages, attorneys' fees and costs, and all other relief available under 29 U.S.C. § 216(b). Plaintiff also brings an individual claim under the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 *et seq.* ("PMWA"), for unpaid overtime compensation, and an individual claim under the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 *et seq.* ("WPCL"), for wages Defendants never paid for her final day of work.

**JURISDICTION AND VENUE**

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA, a federal statute, and under 29 U.S.C. § 216(b), which authorizes employees to sue in any federal court of competent jurisdiction. This Court has supplemental jurisdiction over Plaintiff's PMWA and WPCL claims under 28 U.S.C. § 1367(a) because they arise from the same employment relationship and form part of the same case or controversy as the FLSA claim.

8. This Court has personal jurisdiction over Defendants because Matpap, Inc. and A & A Foods LLC are organized under the laws of, and do business in, Pennsylvania.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the events giving rise to these claims occurred at Fellini Café in West Chester, Chester County, Pennsylvania, which lies within this District.

**PARTIES**

10. Plaintiff Yasmin M Hernández Lorenzo is an adult individual residing in West Chester, Chester County, Pennsylvania.

11. Plaintiff was employed by Defendants as a cook at Fellini Café from approximately July 2024 through August 26, 2026.

12. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e)(1), and an "employe" of Defendants within the meaning of the PMWA, 43 P.S. § 333.103(h).

13. Plaintiff's written consent to join this action under 29 U.S.C. § 216(b) is attached as Exhibit A.

14. Defendant Matpap, Inc. is a Pennsylvania corporation with an address at 205 Fawnhill Road, Broomall, Pennsylvania 19008. Matpap, Inc. is the registered owner of the fictitious name "Fellini Café at West Chester" and, upon information and belief, owns and operates the restaurant by that name at 2 Waterview Road, Unit 2000, West Chester, Pennsylvania 19380 ("Fellini Café").

15. On information and belief, Fellini Café also operates under the name Pecorino.

16. Defendant A & A Foods LLC is a Pennsylvania limited liability company with an address at 2 Waterview Road, Unit 3000, West Chester, Pennsylvania 19380. A & A Foods LLC issued Plaintiff's payroll checks and earnings statements through ADP and, upon information and belief, administers payroll for Fellini Café's employees.

17. At all relevant times, each Defendant was an "employer" of Plaintiff and the members of the FLSA Collective within the meaning of 29 U.S.C. § 203(d), and Plaintiff's "employer" within the meaning of the PMWA, 43 P.S. § 333.103(g). Matpap, Inc. and A & A Foods LLC jointly employed Plaintiff and the members of the FLSA Collective: Matpap, Inc. operated the restaurant where they worked, A & A Foods LLC paid them. Defendants are jointly and severally liable for the violations alleged here.

18. At all relevant times, Matpap, Inc. and A & A Foods LLC, individually and as a single enterprise performing related activities under common control, were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1). Upon information and belief, their annual gross volume of sales made or business done was not less than $500,000.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Job, Pay Rate, and Hours

19. Plaintiff worked in Fellini Café's kitchen preparing food.

20. Defendants paid Plaintiff an hourly rate of $17.00.

21. Plaintiff was not paid on a salary basis, did not perform exempt duties, and was not exempt from the FLSA's overtime requirements.

22. Plaintiff typically worked six days per week and usually had Mondays off.

23. Plaintiff's start time varied with the restaurant's needs. She typically began work between 11:00 a.m. and 2:00 p.m.

24. Plaintiff typically finished work between 9:00 p.m. and 10:00 p.m.

25. As a result, Plaintiff worked more than 40 hours in every full workweek of her employment, typically between 47 and 52 hours per week.

**B. Defendants' Timekeeping Practices**

26. Defendants tracked kitchen workers' hours on paper timecards. Each day, workers handwrote their start and end times in the "Regular Time" column of the card.

27. Defendants used the same cards to calculate pay for hours over forty in a week. Defendants totaled each worker's weekly hours, subtracted 40, and multiplied the remaining hours by the worker's regular hourly rate, with no overtime premium.

28. Defendants' own calculations confirm this practice. On one of Plaintiff's time cards, Defendants recorded 13 additional hours and wrote "$221," which equals exactly 13 hours multiplied by the $17.00 straight-time rate.

29. Defendants' payroll records do not reflect the hours Plaintiff actually worked. Plaintiff's ADP earnings statements list only 40 "Total Hours Worked" for a pay period, even though she worked substantially more.

**C. Defendants' Split Check-and-Cash Pay Scheme**

30. Defendants paid Plaintiff on an alternating weekly basis: one week by payroll check, the next week in cash.

31. For weeks where she received a check, the payroll check covered only 40 hours at $17.00 per hour, or $680.00 gross. For example, Plaintiff's ADP earnings statement for the pay period of July 20 to August 2, 2026, reports 40 regular hours and $680.00 in gross pay.

32. Defendants then paid Plaintiff for her hours over 40 separately, in cash, at her straight-time rate of $17.00 per hour, typically on Sunday.

33. For weeks where she was paid in cash, Defendants paid Plaintiff in cash for all hours worked, again at $17.00 per hour for every hour, including hours over 40.

34. Defendants did not pay Plaintiff or her coworkers one and one-half times her regular rate for any hour worked over 40 in a workweek.

35. By paying overtime hours off the books in cash, Defendants kept those hours off their payroll records and avoided paying the overtime premium.

## COLLECTIVE ACTION ALLEGATIONS

### A. The Same Policy Applied to All Kitchen Workers

36. Fellini Café's kitchen was staffed by hourly workers, including Plaintiff.

37. Kitchen workers worked substantially the same schedule as Plaintiff.

38. Other kitchen workers worked six or seven days per week.

39. Like Plaintiff, the other kitchen workers regularly worked more than 40 hours per week.

40. Defendants paid the other kitchen workers under the same unlawful policy. Workers paid by payroll check received checks covering only 40 hours, with hours over 40 paid separately in cash at straight time, every other week. Some kitchen workers were paid entirely in cash, at straight time for all hours.

41. Defendants' failure to pay overtime was not the result of individual circumstances. It resulted from a uniform policy and practice that Defendants applied to all hourly kitchen workers.

### B. Willfulness

42. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

43. Defendants knew Plaintiff and the other kitchen workers worked more than 40 hours per week, because Defendants recorded those hours on time cards and calculated pay for them.

44. Defendants deliberately structured payment to keep overtime hours off their payroll records, issuing payroll checks for only 40 hours and paying the rest in cash.

45. Defendants did not act in good faith or with reasonable grounds for believing their pay practices complied with the FLSA.

**C. Collective Definition**

46. Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b) on behalf of herself and the following similarly situated individuals (the "FLSA Collective"):

> All individuals employed by Defendants as hourly kitchen workers at Fellini Café at any time from three years before the filing of this Complaint through the date of final judgment who worked more than 40 hours in any workweek.

47. Plaintiff and the members of the FLSA Collective are similarly situated. They held similar hourly kitchen positions, worked similar schedules, were paid under the same straight-time policy, and were subject to the same split check-and-cash scheme.

48. The members of the FLSA Collective are known to Defendants and can be readily identified through Defendants' records, schedules, and timecards.

**COUNT I**
**Failure to Pay Overtime – Fair Labor Standards Act, 29 U.S.C. § 207**
*(On behalf of Plaintiff and the FLSA Collective, against all Defendants)*

49. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

50. The FLSA requires employers to pay non-exempt employees at least one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. 29 U.S.C. § 207(a)(1).

51. Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to overtime compensation.

52. Plaintiff and the members of the FLSA Collective regularly worked more than 40 hours per workweek.

53. Defendants violated the FLSA by failing to pay Plaintiff and the members of the FLSA Collective one and one-half times their regular rate for hours worked over 40, and by paying those hours at straight time instead.

54. Defendants' violations were willful, so a three-year limitations period applies. 29 U.S.C. § 255(a).

55. As a result of Defendants' violations, Plaintiff and the members of the FLSA Collective have suffered damages, including unpaid overtime compensation.

56. Under 29 U.S.C. § 216(b), Plaintiff and the members of the FLSA Collective are entitled to recover their unpaid overtime compensation, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

**COUNT II**
**Failure to Pay Overtime – Pennsylvania Minimum Wage Act, 43 P.S. § 333.104(c)**
*(On behalf of Plaintiff individually, against all Defendants)*

57. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

58. The PMWA requires employers to pay employees not less than one and one-half times their regular rate of pay for all hours worked over 40 in a workweek. 43 P.S. § 333.104(c); 34 Pa. Code § 231.41.

59. Plaintiff is not exempt from the PMWA's overtime requirements.

60. Plaintiff regularly worked more than 40 hours per workweek throughout her employment with Defendants.

61. Defendants violated the PMWA by failing to pay Plaintiff one and one-half times her regular rate for hours worked over 40, and by paying those hours at straight time instead.

62. Defendants also failed to keep true and accurate records of the hours Plaintiff worked, as the PMWA requires. 43 P.S. § 333.108; 34 Pa. Code § 231.31.

63. A three-year limitations period applies to Plaintiff's PMWA claim. 43 P.S. § 260.9a(g).

64. Under 43 P.S. § 333.113, Plaintiff is entitled to recover the full amount of her unpaid overtime compensation, together with costs and reasonable attorneys' fees.

**COUNT III**
**Failure to Pay Earned Wages – Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq.**
*(On behalf of Plaintiff individually, against all Defendants)*

65. Plaintiff incorporates the preceding paragraphs as if fully set forth here.

66. Plaintiff and Defendants agreed that Defendants would pay Plaintiff $17.00 for each hour she worked.

67. Plaintiff's final day of work was on or about August 26, 2026, when she worked approximately seven hours.

68. After Plaintiff's employment ended, Plaintiff was handed a final paycheck. That paycheck covered only the two workdays before Plaintiff's final day. It did not include any pay for the approximately seven hours Plaintiff worked on her final day.

69. Defendants have never paid Plaintiff for those hours, approximately $119.00 at her agreed rate.

70. The WPCL requires an employer whose employee separates from employment to pay all wages due no later than the next regular payday. 43 P.S. § 260.5(a).

71. Defendants violated the WPCL by failing to pay Plaintiff all wages due for her final day of work.

72. More than 30 days have passed since Plaintiff's next regular payday after her separation. Defendants have no good-faith dispute about the wages owed.

73. Under the WPCL, Plaintiff is entitled to recover her unpaid wages, liquidated damages of 25% of the wages due or $500, whichever is greater, 43 P.S. § 260.10, and reasonable attorneys' fees and costs, 43 P.S. § 260.9a(f).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, and grant the following relief:

(a) An order conditionally certifying this case as a collective action under 29 U.S.C. § 216(b) and authorizing prompt notice, in English and Spanish, to all members of the FLSA Collective;

(b) An order requiring Defendants to produce the names, last known addresses, telephone numbers, and email addresses of all members of the FLSA Collective;

(c) A declaratory judgment that Defendants' practices violate the FLSA and the PMWA, and that the FLSA violations were willful;

(d) An award of all unpaid overtime compensation owed to Plaintiff and the members of the FLSA Collective under the FLSA, and to Plaintiff under the PMWA, together with Plaintiff's unpaid wages for her final day of work under the WPCL;

(e) An equal additional amount as liquidated damages under 29 U.S.C. § 216(b), and liquidated damages under 43 P.S. § 260.10;

(f) Reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), 43 P.S. § 333.113, and 43 P.S. § 260.9a(f);

(g) Pre-judgment and post-judgment interest as allowed by law; and

(h) Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: November 10, 2026

Respectfully submitted,

*<u>/s/ Martha E. Guarnieri</u>*
Martha E. Guarnieri
PA Bar No. 324454
Handley Farah & Anderson PLLC
230 S. Broad St., 17th Floor
Philadelphia, PA 19102
Telephone: 215-422-3478
Email: mguarnieri@hfajustice.com

*Attorney for Plaintiffs and the Proposed Class*

# EXHIBIT A

## CONSENT TO JOIN

1. I hereby consent, agree, and opt-in to become a Plaintiff in a lawsuit known as *Hernandez Lorenzo v. Matpap, Inc. d/b/a Fellini Café at West Chester, et al., case number pending,* which is currently pending in the United States District Court for the Eastern District of Pennsylvania. I understand that this lawsuit was brought under the Fair Labor Standards Act ("FLSA") as well as Pennsylvania wage and hour laws against Matpap, Inc. d/b/a Fellini Café at West Chester, and A&A Foods LLC ("Defendants"), to recover unpaid wages, liquidated damages, and any other legal redress that employees of Defendants, are owed. I understand that I am opting in as a Plaintiff to only those claims for which I am eligible to opt in. I understand that there may be other persons or entities named or discovered in the litigation that are also liable for my claim and I authorize my claim to be brought against those other persons or entities too.
2. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.
3. I hereby designate Handley Farah & Anderson PLLC (the "Attorneys") to represent me in this action. I understand that this lawsuit is being brought without prepayment of litigation expenses or attorneys' fees. I understand that if money is recovered on my behalf, litigation expenses and fees incurred by counsel on behalf of Plaintiffs will be deducted from the settlement or judgment first or paid separately by Defendant. I agree that, if successful, my Attorneys should be fairly compensated for their work from funds they obtain as a result of their work. I will tell my attorneys if my address, telephone or email changes.
4. I understand that, if I change my mind, I may ask to no longer be a Plaintiff in this lawsuit and that I may cancel this agreement by telling my attorneys in writing that I want to do so, but that I will still be bound by any legal obligations arising before I cancel.

## CONSENTIMIENTO PARA PARTICIPAR

1. Por el presente, acepto, estoy de acuerdo y elijo convertirme en Demandante en la Demanda conocida como *Hernandez Lorenzo v. Matpap, Inc. d/b/a Fellini Café at West Chester, et al., numero de caso pendiente,* la cual está actualmente pendiente en el tribunal de distrito de los Estados Unidos para el distrito de Pennsylvania. Entiendo que esta demanda fue iniciada en virtud de la Ley de Normas Laborales Justas como también las Leyes Salariales y por Horas de Pennsylvania, en contra de Matpap, Inc. d/b/a Fellini Café at West Chester, y A&A Foods LLC ("Demandados"), para recuperar salarios impagos, indemnización fijada y cualquier otra reparación legal que se le deba a los empleados de los Demandados. Entiendo que podrá haber otras personas o entidades surgidas en el litigio que también sean responsables por mi demanda y autorizo que también se presente la misma contra esas otras personas o entidades.
2. Acepto la obligación que pueda tener pese a alguna decisión judicial sobre la acción que tome el Tribunal, ya sea ésta favorable o no.
3. Por el presente designo a Handley Farah & Anderson PLLC (los "Abogados") para que me representen en esta acción. Entiendo que esta demanda es traída sin pago previo por gastos de litigio o costos legales. Entiendo que, si se recupera dinero en mi nombre, los gastos por litigio o costos legales incurridos por los abogados en nombre de los Demandantes serán deducidos del acuerdo o resultado del juicio primero o pagado por aparte por el Demandado. Estoy de acuerdo en que, si son exitosos, mis abogados sean recompensados justamente de los fondos que ellos obtengan como resultado de su trabajo. Les dejare saber a mis abogados si hubiera algún cambio en mi dirección, número de teléfono o correo electrónico.
4. Entiendo que, si cambio de opinión, yo puedo pedir no continuar como demandante en esta demanda y puedo cancelar este acuerdo una vez que les notifique a mis abogados por escrito acerca de mi cambio de opinión. Entiendo que, si elijo hacer esto, tengo una obligación a cualquier movimiento legal que surja antes de cancelar.

**DATE (FECHA):** 11/10/2026

**SIGNATURE (FIRMA):** [signature]

**PRINTED LEGAL NAME (NOMBRE EN LETRA DE MOLDE):** Yasmin M Hernández Lorenzo